UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRUCE J. KENNEWAY, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 09-119-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
|     *Defendant* | ) | |

### ORDER ON INFORMATIONAL NOTICE

The defendant in this *pro se* appeal from an apparent denial of an application for Social Security Disability ("SSD") benefits has filed a document entitled "Informational Notice in Response to Plaintiff's Statement of Errors." Docket No. 13. The clerk's office has filed the document as a motion for clarification, Docket Entry dated July 29, 2009, because the "informational notice" seeks the following relief:

> [T]he Commissioner is seeking clarification as to whether this Court would assert jurisdiction over . . . an application [for Supplemental Security Income benefits for the plaintiff with a period of review from March 16, 2005, through February 1, 2007]. Specifically, this Court could find that an application for SSI, with a period of review beginning on March 16, 2005, is an application that is concurrent with Plaintiff's March 16, 2005 application for [SSD benefits], which this Court currently has jurisdiction over . . . . If this Court so finds, the Commissioner believes that this Court would have to remand Plaintiff's case for further administrative proceedings to allow for the processing of the SSI application.
>
> Conversely, since Plaintiff has not yet exhausted his administrative remedies with respect to any application for SSI that has a period of review beginning on March 16, 2005, this Court could find that it would currently have no jurisdiction over such an application. As a result, the

1

> Commissioner could process that SSI application for Plaintiff while the Commissioner's final decision regarding Plaintiff's March 16, 2005 application for [SSD benefits] proceeds upon judicial review.
>
> Accordingly, the Commissioner requests that this Court clarify whether it would assert jurisdiction over Plaintiff's application for SSI with a period of review beginning on March 16, 2005.

Informational Notice in Response to Plaintiff's Statement of Errors (Docket No. 13) at 3-4.

This court is constitutionally prohibited from issuing advisory opinions. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968) (limiting the business of the federal courts "to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process"); *Overseas Military Sales Corp. v. Giralt-Armada*, 503 F.3d 12, 16-17 (1st Cir. 2007). From all that appears, the commissioner's "informational notice" seeks a ruling concerning an action that he has yet to take, and which is therefore not capable of presenting a question in an adversary context or in a form historically viewed as capable of resolution through the judicial process. There is not yet any dispute between the parties as to the proposed action.

The request for clarification is therefore **DENIED**.

Dated this 11th day of August, 2009.

                                                /s/ John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge